

125 BROAD STREET, 39TH FLOOR   NEW YORK, NY  10004-2400

*www.sdma.com*   212.422.0202 *phone*   212.422.0925 *fax*



*(212) 898-4011*
*michael.bernstein@sdma.com*

March 11, 2011

*Via ECF*
Hon. Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court For the
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza, East
Brooklyn, New York  11201

Re: *Stephen J. Topolian v. Hartford Life Ins. Co.*
    Civ. Act. No. 10-cv-1965(KAM)(VVP)
    File No.: 02489-000075

Dear Magistrate Judge Pohorelsky:

      This office represents defendant Hartford Life Insurance Company ("Hartford") in the above-referenced action.  This letter is respectfully submitted, in accordance with the court's request, to explain the rationale for the submission of the parties' proposed Stipulated Protective Order filed with the Court, Doc. No. 15.

      As you may recall, at the last conference, you requested that Hartford identify the kinds of documents that it intends to produce as confidential under the terms of the Stipulated Protective Order and the basis for confidentiality.  The following is an identification of the documents Hartford intends to disclose under the protection of the attached Order, along with its explanation of why they should be so protected:

- Hartford's Independent Medical Consultant Services Agreement with Reed Review Services ("RRS").  This is a proprietary contract which sets forth the terms, conditions and limitations of this arrangement.  It is a product of negotiation between two commercial entities.  Hartford maintains similar contracts with other independent reviewing services.  Disclosure the RRS Services Agreement in the public record will  identify terms that may be more or less favorable than other vendors have been able to achieve and will therefore have an adverse effect on other existing relationships Hartford has with similar service vendors. The result will put Hartford at a competitive disadvantage when these contracts are due to be renegotiated.  Furthermore, Hartford's competitors in the group long term disability insurance market, who likewise use the same or similar service vendors, will also achieve a competitive advantage over Hartford if they are allowed access to the rates Hartford pays to these vendors.  Hartford also asserts that this agreement is of little relevance to this action as it relates to the arrangement in place between it and a company that provided a referral to medical review physicians.  The contract has no relevance to whether Hartford's determination denying LTD benefits to plaintiff was arbitrary and capricious.

NY/658109v1

Nevertheless, in an effort to resolve this matter, Hartford has agreed to produce this document under a confidentiality order.

- Hartford is producing copies of the *curriculum vitae* of the independent reviewing consultants that have been provided to Hartford by RRS. These documents were produced to Hartford by RRS in confidence.

- Hartford is also producing its internal guidelines for providing employee bonuses and other kinds of internal recognition, including a blank performance evaluation form for the years 2008 and 2009. These documents are proprietary and demonstrate the factors that Hartford finds important in evaluating its claims personnel. Disclosure of this information in the public record would allow Hartford's competitors to obtain information that Hartford has developed over its 200 year history in the insurance business with respect to how if evaluates its employees. In this very competitive market, maintaining and keeping a reliable work force is essential to the delivery of the services that Hartford's client's expect. Allowing Hartford's competitors access to the manner in which Hartford evaluates it employees will put it at an unfair competitive disadvantage, especially since Hartford has no such access to similar information from its competitors. Hartford asserts that this information is also irrelevant to the issue of whether its decision-making was arbitrary and capricious but, nevertheless, agrees to produce it under a confidentiality order.

- Hartford will produce the salary and compensation information for the Ability Analyst and Appeals Specialist who decided plaintiff's claim for the years 2008 and 2009. This information is protected from disclosure pursuant to CONN. GEN. STAT. §31-128f. Moreover, these particular individuals have not agreed to have their salaries, or other personal financial information, produced to the public. Also, disclosure of this information in the public record may cause discord among Hartford's employees because not every employee is paid at the same level. It may also provide Hartford's competitors with an unfair advantage by providing them with access to information about how much particular employees are paid, which may lead to poaching. While Hartford believes that this information has no bearing on the ultimate question in this case; i.e. was Hartford's determination arbitrary and capricious, it has agreed to produce the information under a confidentiality order.

- Hartford will produce its internal organizational charts for the years 2008 and 2009, when plaintiff's claim for benefits was decided. This information identifies the key personnel at Hartford and the structure of Hartford's business. These documents are also proprietary and should not be disclosed to the public for the same reasons expressed above. That is, Hartford's competitors will be able to see how Hartford organizes its business lines to efficiently and effectively serve the needs of its clients, duplicate this organization and thereby unfairly compete with Hartford based on its own business and organizational structure. Similarly, Hartford asserts that these organizational charts are irrelevant to whether Hartford's determination was arbitrary and capricious, but it will produce the documents under a confidentiality order.

Based on the foregoing descriptions and explanations, it is respectfully requested that the Court "so order" the Stipulated Protective Order so that discovery proceedings can continue without interruption, while simultaneously protecting Hartford's legitimate privacy and confidentiality concerns.

Hon. Viktor V. Pohorelsky
Re: Stephen J. Topolian v. Hartford Life Ins. Co.
    Civ. Act. No. 10-cv-1965(KAM)(VVP)
March 11, 2011
Page 3

    Thank you for your consideration of this matter.

Respectfully submitted,

s/

Michael H. Bernstein
Sedgwick, Detert, Moran & Arnold LLP


Enclosure
cc: Michael E. Quiat, Esq.

# CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED MARCH 11, 2011** was served via ECF on this 11th day of March, 2011, upon the following:

> Michael E. Quiat Esq.
> Uscher, Quiat, Uscher & Russo
> 433 Hackensack Avenue, 2d Floor
> Hackensack NJ 07601
>
> Business Phone:  (201) 342-7100
> Business E-mail:  mquiat@uqur.com

s/_____
JOHN T. SEYBERT (JS 5014)

Dated:    New York, New York
              March 11, 2011