125 BROAD STREET, 39TH FLOOR   NEW YORK, NY  10004-2400



www.sdma.com   212.422.0202 *phone*   212.422.0925 *fax*

*John T. Seybert*
*(212) 898-4028*
*john.seybert@sedgwicklaw.com*

April 7, 2011

*Via ECF*
Hon. Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court For the
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza, East
Brooklyn, New York  11201

Re: *Stephen J. Topolian v. Hartford Life Ins. Co.*
     Civ. Act. No. 10-cv-1965(KAM)(VVP)
     File No.: 02489-000075

Dear Magistrate Judge Pohorelsky:

    This office represents defendant Hartford Life Insurance Company ("Hartford") in the above-referenced action.  I write in response to plaintiff's request for an extension to file a letter brief dated April 6, 2011 raising issues regarding any outstanding discovery disputes (Doc. No. 21).  Initially, Hartford does not object to a reasonable extension of time for plaintiff to submit such letter.  But, Hartford objects to plaintiff's misrepresentation of the facts and his request to be relieved of setting forth his discovery issues in writing prior to the April 20, 2011 conference.

    Hartford fully complied with the Court's Civil Conference Order dated March 14, 2011, Doc. No. 17.[1]  By letter dated March 18, 2011, I forwarded copies of all of the documents Hartford agreed to provide via email and regular mail, which was in full compliance with that Order.

    The additional documents that plaintiff received yesterday were part of a supplemental production that Hartford agreed to exchange to resolve a discovery dispute that plaintiff raised after Hartford's initial production.  By letter dated March 22, 2011, plaintiff raised further discovery issues regarding information that Hartford had *never* agreed to produce, and in fact, had objected to from the outset.  Accordingly, by letter dated March 30, 2011, Hartford responded to plaintiff's new issues, identifying two categories of documents that it was willing to produce under the previously entered confidentiality order.  By letter dated April 4, 2011 addressed to this Court (Doc. No. 20), Hartford requested that those additional documents be treated as confidential under the Stipulated Protective Order, which the Court so ordered on April 5, 2011.  By overnight mail, I produced those documents to plaintiff's counsel, which he received on April 6, 2011.  The additional documents were never contemplated to be produced under the Court's Civil Conference Order dated March 14, 2011.  Thus, plaintiff's statement that Hartford did not timely produce the documents as set forth in the Court's March 14th Order is incorrect.

---

[1] Plaintiff attached an order from another case to his letter to the Court, which has no relevance to this matter.

NY/693040v1

Hon. Viktor V. Pohorelsky
Re: Stephen J. Topolian v. Hartford Life Ins. Co.
      Civ. Act. No. 10-cv-1965(KAM)(VVP)
April 7, 2011
Page 2

  Finally, plaintiff is required pursuant to Local Rule 37.3(c) and this Court's Order to set forth his remaining discovery issues in a three-page letter. Hartford is entitled to know what discovery disputes remain and plaintiff's rationale for why this additional discovery is reasonable and appropriate so that it may present a reasoned response to the Court. Since plaintiff has not done, so Hartford obviously cannot respond at this time.

  Thank you for your consideration of this matter.

Respectfully submitted,

s/
John T. Seybert
Sedgwick, Detert, Moran & Arnold LLP


Enclosure
cc: Michael E. Quiat, Esq.

NY/693040v1

**CERTIFICATE OF SERVICE**

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED APRIL 7, 2011** was served via ECF on this 7th day of April, 2011, upon the following:

        Michael E. Quiat Esq.
        Uscher, Quiat, Uscher & Russo
        433 Hackensack Avenue, 2d Floor
        Hackensack NJ 07601
        Business E-mail:  mquiat@uqur.com

        s/ _____
        JOHN T. SEYBERT (JS 5014)

Dated:   New York, New York
           April 7, 2011

NY/693040v1