

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NY   10004-2400

*www.sedgwicklaw.com*   212.422.0202   *phone*   212.422.0925   *fax*

*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

May 31, 2011

*Via ECF & Regular Mail*
Hon. Viktor V. Pohorelsky, U.S.M.J.
United States District Court For the
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza, East
Brooklyn, New York  11201

Re:  *Topalian* v. *Hartford Life Insurance Company*
     Civ. Act. No. 10-cv-01965(KAM)(VVP)
     File No.: 02489-000075

Dear Magistrate Judge Pohorelsky:

This office represents the defendant, Hartford Life and Accident Insurance Company ("Hartford") in the above-referenced action.  In accord with Local Civil Rule 37.3, we write: (1) in opposition to Plaintiff's letter brief (Doc. No. 25) seeking to compel Hartford to produce two of its employees in New York, NY, and instead, request this Court to enter an order pursuant to Rule 26(c), FED. R. CIV. P., setting the location of the depositions of Hartford employees, Deborah Staz and Genie Guthrie, in Alpharetta, Georgia, where both witnesses reside and work; and (2) Hartford objects to the overly broad and unduly burdensome non-party subpoena served on Reliable Review Services ("RRS"), which is a third-party vendor that provides referral services to Hartford for the retention medical records peer review consultants.

This action involves Plaintiff, Stephen Topalian's ("Topalian"), claim for continuing long-term disability ("LTD") benefits under Group Long Term Disability Plan for Employees of Allstate Insurance Company (the "Plan" or "Allstate Plan"), an employee welfare benefit plan governed by Employee Retirement Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").  Hartford insures the Plan benefits and administers claims pursuant to a full grant of discretionary authority to interpret the Plan terms and determine participants' eligibility for benefits.  Hartford approved and paid Topalian's LTD benefits for over two years and then denied his claim for continuing LTD benefits effective July 30, 2008 when he failed to submit sufficient proof demonstrating that he was unable to work in any occupation for which he was suited by training and experience.  Topalian administratively appealed Hartford's initial denial of benefits, and by letter dated September 1, 2009, Hartford advised Topalian of its decision to uphold its initial determination following a full and fair review on appeal.

**A.   THE DEPOSITIONS OF MS. STAZ AND MS. GUTHRIE SHOULD BE ORDERED TO GO FORWARD IN ALPHARETTA, GEORGIA.**

Rule 26(c), FED. R. CIV. P., provides that this Court may issue an order to prevent undue burden or expense, including "that discovery may be had only on specified terms and conditions, including a designation of time and place."  On April 20, 2011, counsel for all parties held a conference call with the Court to discuss discovery and plaintiff represented that he intended to depose Ms. Staz and Ms. Guthrie in Georgia.  (Doc. No. 24).  In response, Hartford stated that it would agree to produce those witnesses in Alpharetta, Georgia, provided that the scope of the depositions was limited to topics related to conflict of interest and completeness of the record.

Hon. Viktor V. Pohorelsky, U.S.M.J.
Re:  *Topalian* v. *Hartford Life Insurance Company*
       May 31, 2011
Page 2

Hartford received the attached Notice of Deposition dated April 26, 2011 with no limitation on the scope of the depositions and noticing the location for the depositions as New York, NY.  (Ex. "A").  By letter dated May 10, 2011, Hartford wrote to Plaintiff's counsel objecting to the Notice of Deposition on the grounds that it did not notice the location for Alpharetta, Georgia or acknowledge the limitations on the scope of the depositions.  (Ex. "B").  By letter dated May 13, 2011, Plaintiff consented to the proposed limitations as to the scope of the depositions but demanded that both Ms. Staz and Ms. Guthrie travel to New York for their depositions.  (Ex. "C").  By letter dated May 18, 2011, Hartford provided plaintiff's counsel with the legal basis for its position that the depositions should be held in Alpharetta, Georgia.  (Ex. "D").  Topalian still objects and has filed a motion to compel both witnesses to travel to New York for these depositions.

Pursuant to well-settled federal case law, the general presumption is that a corporate witness should be deposed at his/her place of residence or the corporation's principal place of business.  *See Realuyo* v. *Diaz*, 2000 WL 687585 (S.D.N.Y. May 26, 2000).  "Underlying this rule is the fact that plaintiff has chosen the forum of the action, whereas the defendant has not.  Moreover, it is generally the plaintiff who must bear any reasonable burdens of inconvenience that the action presents."  *Id.* at *1 (citations omitted); *see also, Buzzeo* v. *Board of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998).  Furthermore, relevant documentation and/or business records concerning this claim would be readily available for the witnesses at Hartford's offices (if needed) for this deposition.  Plaintiff has not presented any "peculiar" circumstances warranting a departure from this general rule and require these depositions to be held in New York (*Gulf Union Ins. Co. Saudi Arabia* v. *M/V Lacerta*, 1992 WL 51532, *5 (S.D.N.Y. 1992)).  Both of the Hartford witnesses reside and work in Alpharetta, Georgia.  Neither spends any time traveling as part of their jobs, and it will present a major inconvenience for these two women to travel to New York for depositions.  Specifically, Ms. Guthrie advises that her mother-in-law is in hospice care in Florida.  She is concerned that her mother-in-law may need her immediate attention and therefore, Ms. Guthrie feels uncomfortable traveling to New York.  While travel to Georgia is not convenient, the convenience of counsel is not generally a significant factor in weighing such matters, and "is less compelling than any hardship to the witnesses."  *Six West Retail Acquisition, Inc.* v. *Sony Theatre Management Corp.*, 203 F.R.D.298, 108 (S.D.N.Y. 2001).  Under the Federal Rules of Civil Procedure, "the place to conduct the deposition of a corporate defendant and its agents depends upon an analysis of three factors: cost, convenience, and litigation efficiency."  *Buzzeo*, 178 F.R.D. at 392.  In this case, the cost factor weighs in favor of holding the depositions in Alpharetta, Georgia because Hartford would need to incur expenses to fly two separate witnesses to New York, rather than counsel traveling to where the witnesses both work and reside.  Convenience of the witnesses also weighs in favor of deposing the witnesses in Georgia.  If the witnesses are required to travel to New York, both will lose at least two days of work.

In fact, in a case remarkably similar to this case, U.S. District Judge Paul A. Crotty ruled that "with regard to the defendant's witnesses who reside in Georgia, they are to be deposed in Georgia.  The Court declines to order the two witnesses production in either N.Y. or Conn."  *See Chakraborty* v. *Hartford Life Ins. Co.*, No. 06 Civ. 1982 (PAC), U.S. S.D.N.Y.  (Ex. "E").  None of the considerations raised by Plaintiff in his letter present any reason for this Court to deviate from that same conclusion.  Moreover, the sole case that Plaintiff cites relates to whether an officer of the corporation should be compelled to travel for his deposition, which is inapposite to whether employees of Hartford who are not officers should travel for their depositions.  *Compare Turner* v. *Prudential Ins. Co. Of Am.*, 119 F.R.D. 381, 382 (M.D. N.C. 1988) *with Boss Manuf. Co.* v. *Hugo Boss AG*, No. 97 Civ.8495(SHS)(MHD), 199 WL 2028, *1 (S.D.N.Y. Jan. 13, 1999).  For the reasons set forth above, this Court should similarly require that the depositions of Ms. Staz and Ms. Guthrie be held in Georgia.

**B.     PLAINTIFF'S SUBPOENA TO RRS SHOULD BE QUASHED.**

Plaintiff has also served a subpoena for documents on RRS, who is a third-party vendor that provides referral services to Hartford for medical record peer review consultants.  (Ex. "F").  Hartford objects to the subpoena on

NY/701146v1

Hon. Viktor V. Pohorelsky, U.S.M.J.
Re:  *Topalian* v. *Hartford Life Insurance Company*
      May 31, 2011
Page 3

the grounds that it is so overly broad and unduly burdensome that it manifests an intent to harass RRS and a bad faith use of discovery designed to impair Hartford's relationship with RRS.

In order to provide a full and fair review on administrative appeal under ERISA's regulations, Hartford, as a claims fiduciary, is required by Department of Labor (DOL) regulation to "consult with a health care professional who has appropriate training and experience in the field of medicine." 29 C.F.R. §2560.503-1(h)(3)(iii).  RRS provides a referral service to Hartford in which it retains the services of qualified physicians and or other healthcare professionals in various medical specialties to review records and provide opinions about claimants' restrictions and limitations.  In this case, as part of its review of Plaintiff's administrative appeal, Hartford referred his medical records to RRS to be referred to and reviewed by an internist and a specialist in occupational medicine.  RRS referred the medical records to Gary S. Nudell, M.D., board certified in internal medicine, and Russell Green, M.S. M.D., C.I.M.E., board certified in occupational medicine.  Both medical doctors reviewed Topalian's medical records and provided a medical opinion concerning Topalian's physical restrictions and limitations.

Despite these medical doctors' limited involvement in this case, Topalian's subpoena on RRS contains twenty-four separate requests.  Many of the requests are duplicative of plaintiff's requests to Hartford for which he already received responses.  Indeed, prior to the conference call with the Court on April 20, 2011, Hartford produced a copy of the RRS Services Agreement with Hartford and provided plaintiff with information regarding the number of medical record reviews referred to RRS by Hartford, the amount that RRS billed Hartford for those reviews, a copy of the relevant services agreement between RRS and Hartford, the number of medical record peer reviews referred to Drs. Nudell and Green on Hartford matters, and the amounts billed by RRS to Hartford for the services rendered by those doctors. (Exs. "G" & "H").  During the April 20, 2011 conference call with the Court, Plaintiff did not assert that the information and documents Hartford provided were incomplete or inaccurate.  Nevertheless, Plaintiff served a subpoena seeking this same information from RRS.  (Ex. "F," Nos. 4-5, 14, 20).

Hartford also objects because the information sought by Plaintiff's subpoena is not discoverable. In fact, the disclosures requested are irrelevant to the issue of whether Hartford's determination was arbitrary and capricious. Specifically, the information does not seek evidence concerning Hartford's purported conflict of interest.  *See Metropolitan Life Insurance Co.* v. *Glenn*, 554 U.S. 105, 118 (2008) (concerning efforts by the decision-maker to promote accuracy and wall-off claims department from finance department).  Rather it seeks information regarding RRS and the reviewing medical consultant's purported bias, which is irrelevant to the Court's review.  In *Black & Decker* v. *Nord*, 538 U.S. 822, 832 (2003), the U.S. Supreme Court observed that "[i]f a consultant engaged by a plan may have an 'incentive' to make a finding of 'not disabled,' so a treating physician, in a close case, may favor a finding of 'disabled.'"  The question to be determined with respect to the medical reviewing consultant is whether there is a "medical reason" for why the opinions should be "disregarded or even de-valued."  *Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*, 637 F. Supp.2d 132, 143 (E.D.N.Y. 2009) *aff'd* 391 Fed. Appx. 74 (2d Cir. 2010).  Plaintiff's subpoena does not seek any documents or information relevant to that issue.

Additionally, the discovery sought is "unwieldy, burdensome and [a] speculative fishing expedition." *Murphy* v. *Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).  Plaintiff's subpoena seeks to have RRS identify each and every claim that it has referred to a medical consultant for review from 2005 to present (a six year period) where the reviewing consultant has found the participant to be disabled or agreed with the treating doctor's opinion. (Ex. "F," Nos. 9-10, 15, 16, 21, 22).  Plaintiff also seeks a list of every area of medicine in which Drs. Nudell and Green provided medical opinions (*Id.,* No. 23) and affidavits and deposition testimony that Drs. Nudell and Green may have given in other cases. (*Id.*, No. 24).  These requests have no logical connection to whether Topalian is disabled under the terms of the Plan.

Accordingly, Plaintiff's subpoena to RRS should be quashed in whole or in part pursuant to Rule 26(b), FED. R. CIV. P.

Hon. Viktor V. Pohorelsky, U.S.M.J.
Re:  *Topalian* v. *Hartford Life Insurance Company*
     May 31, 2011
Page 4

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

Michael H. Bernstein
Sedgwick LLP


Attachments
cc:   Michael E. Quiat, Esq.

NY/701146v1