LAW OFFICES
## USCHER, QUIAT, USCHER & RUSSO
A PROFESSIONAL CORPORATION

433 HACKENSACK AVENUE
HACKENSACK, NJ 07601

TELEPHONE (201) 342-7100
FAX (201) 342-1810
www.uqur.com

ARTHUR USCHER
MICHAEL E. QUIAT*
JOSEPH A. RUSSO*
MATTHEW T. SCHRIEKS+
PATRICK X. AMORESANO°
   OF COUNSEL

*ADMITTED TO NY & NJ BARS
+ADMITTED TO NJ & FL BARS
°CERTIFIED CIVIL TRIAL ATTORNEY

NEW YORK OFFICE

355 LEXINGTON AVENUE
NEW YORK, NY 10017
TELEPHONE (212) 856-1214
FAX (212) 983-0772

ETHAN V. FINNERAN*
   OF COUNSEL

WILLIAM USCHER
(1959-2003)

June 7, 2011

<u>*Via Electronic Case Filing*</u>

Honorable Viktor V. Pohorelsky, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:   *Stephen J. Topalian v. Hartford Life Insurance Company*
          *Civil Action No. 1:10-CV-01965-KAM-VVP*

Dear Magistrate Judge Pohorelsky:

   This firm is counsel to the Plaintiff Stephen Topalian in connection with the above matter. Please accept this letter by way of opposition to the application of Defendant Hartford Life Insurance Company to Quash a Subpoena *Duces Tecum*, duly served by Plaintiff on Reliable Review Services ("RRS") in Boca Raton, Florida.

   Although the subpoena was returnable on June 5, 2011, RRS has never responded to the subpoena, either by producing the materials called for by the subpoena, or by filing a timely motion to quash. Indeed, to date, RRS has not even contacted Plaintiff to discuss the subpoena, any particular concerns regarding its scope or breadth, or any logistical problems or burdens which the subpoena purportedly presents to RRS.

   Instead, the subpoena has been brazenly ignored by RRS, and Hartford has chosen (belatedly) to move to quash the subpoena, armed with no competent evidence from RRS, and based entirely on its own speculation regarding the impact of the subpoena on RRS.

### *Hartford Has No Standing With Respect to the Issues Presented*

   It is curious that Hartford, not RRS, has moved to quash the subpoena. It is also noteworthy that Hartford raises no objection based upon privilege, or any personal privacy interest. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." <u>Langford v. Chrysler Motors Corp.</u>, 513 F 2d

Honorable Viktor V. Pohorelsky, U.S.M.J.
June 7, 2011
Page 2

1121, 1126 (2d Cir. 1975); *Freydl v. Meringolo*, 2011 WL 1226226 (S.D.N.Y.); *Samad Brothers v. Bokara Rug Company*, 2010 WL 5094344 (S.D.N.Y.); *Heller v. City of New York, et al.*, 2008 WL 2965474 (E.D.N.Y.).  *See also*, *Walker v. White*, 2010 WL 1957291 (W.D.N.C.) citing *United States v. Iedma*, Fed. Appx. 740 (4th Cir. 2005).

Clearly, without any evidence from the recipient of the subpoena that it has appointed Hartford to represent its interests, and without any assertion of privilege or other personal privacy interests, Hartford lacks any legitimate standing to raise any objections.[1]

### *Hartford's Substantive Contentions Lack Any Evidentiary Foundation and are Frivolous*

Hartford summarily asserts that the subpoena is "so overbroad and unduly burdensome" as to constitute "harassment" of RRS and "bad faith" use of discovery to somehow "impair" RRS's relationship with Hartford.  Aside from the shrill tone of Hartford's contentions, it offers no substantive foundation for this irresponsible argument.

Instead, Hartford disingenuously attempts to minimize the importance of RRS's role in this case.  The reality however is that RRS provided the sole medical basis upon which Hartford purports to rely in terminating Mr. Topalian's long term disability claim.  Indeed, but for RRS, there is arguably *no* medical basis for the termination of benefits to this Plaintiff after so many years.

Hence, the obvious question in light of *Metropolitan Life v. Glenn*, 128 S. Ct. 2343 (2008) is: did Hartford choose RRS because it could count on RRS to "reliably" ("*Reliable* Review Services") provide a medical basis, legitimate or not, which Hartford could use to justify termination of what would otherwise have been a long and expensive claim?  i.e., Does Hartford's use of RRS in this case further confirm the extent to which its conflict of interest poisoned its decision making?  How Hartford could honestly contend that RRS' purported bias is "irrelevant" to this inquiry is difficult to understand.

Recently, a similar argument was made in this District by another disability carrier seeking to quash a subpoena served on its third party medical reviewer.  Attached hereto as **Exhibit A** is a transcript of the argument in the matter of *Kreeger v. Life Insurance Company of America*, 10-MC-332 (June 6, 2010) (E.D.N.Y.) wherein Magistrate Judge James Orenstein explored the matter in some detail, and very methodically evaluated the legal issues presented.  In enforcing the subpoena, the Court focused extensively on the nature of the conflict of interest and why the evidence from the third party was relevant and discoverable.  The same analysis applies in this case.

---

[1] Moreover, Hartford has failed to move in a timely fashion.  The subpoena was served on May 6, 2011, and was returnable June 5, 2011.  No objection was filed by Hartford until May 31, 2011.  Rule 45(c)(2)(b) specifically requires that any objection to a Subpoena *Duces Tecum* "must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena was served."  Hartford's objection simply failed to comply with the rules.

Honorable Viktor V. Pohorelsky, U.S.M.J.
June 7, 2011
Page 3

As a review of the subpoena reflects, the information sought by Plaintiff goes directly to the heart of the relationship between Hartford and RRS and speaks to whether Hartford chose RRS as a vendor in this case because it knew the result it would get. *See e.g., Burgio v. Prudential Life Insurance Company of America*, 253 FRD 219 (E.D.N.Y. 2008); *Hogan-Cross v. Metropolitan Life Insurance Co.*, 568 F. Supp. 2d 410 (S.D.N.Y. 2008). Under these circumstances, there is no question about the relevance of the information sought, notwithstanding Hartford's bald and unsubstantiated contentions to the contrary.

Finally, it bears mention that if RRS had contacted Plaintiff to discuss any particular concerns it might have had regarding the subpoena, including any reasonable narrowing of the scope of the subpoena, Plaintiff would have been in a position to address those concerns and fairly resolve them. Instead, presumably at Hartford's direction, RRS chose to ignore its obligations under the subpoena and to permit Hartford to wage this battle purportedly on its behalf. So much for RRS' "independence."

This subpoena should be enforced.

Respectfully submitted,

USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation

MICHAEL E. QUIAT

MEQ:ln
cc:   Mr. Stephen Topalian
      Michael H. Bernstein, Esq.
      John Seybert, Esq.
G:\Disability\Topalian\Judge Pohorelsky 6-7-11.docx