LAW OFFICES
## USCHER, QUIAT, USCHER & RUSSO
A PROFESSIONAL CORPORATION

433 HACKENSACK AVENUE
HACKENSACK, NJ 07601

ARTHUR USCHER
MICHAEL E. QUIAT*
JOSEPH A. RUSSO*
MATTHEW T. SCHRIEKS+
PATRICK X. AMORESANO°
OF COUNSEL

*ADMITTED TO NY & NJ BARS
+ADMITTED TO NJ & FL BARS
°CERTIFIED CIVIL TRIAL ATTORNEY

TELEPHONE (201) 342-7100
FAX (201) 342-1810
www.uqur.com

NEW YORK OFFICE
355 LEXINGTON AVENUE
NEW YORK, NY 10017
TELEPHONE (212) 856-1214
FAX (212) 983-0772

ETHAN V. FINNERAN*
OF COUNSEL

WILLIAM USCHER
(1959-2003)

June 23, 2011

*Via Electronic Case Filing*

Honorable Viktor V. Pohorelsky, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Stephen J. Topalian v. Hartford Life Insurance Company*
       *Civil Action No. 1:10-CV-01965-KAM-VVP*

Dear Magistrate Judge Pohorelsky:

      This firm is counsel to the Plaintiff Stephen Topalian in connection with the above matter. Please accept this correspondence in Opposition to the May 31, 2011 correspondence from Reliable Review Services ("RRS"), which was filed with the Clerk's office on June 17, 2011, objecting to the Subpoena *Duces Tecum* duly served on May 6, 2011.

      As an initial matter, RRS has failed to object to the subpoena in a legally cognizable or timely manner. The RRS letter is signed by "James Franklin," but it is not clear who he is, what his capacity is with respect to RRS, or whether he is an attorney, owner, or just an employee. It has long been the law in this Circuit that corporations cannot appear *pro se* or through a lay representative. *United States ex rel. Mergent Services v. Flaherty*, 540 F. 3d 89, 92 (2d Cir. 2008); *Eagle Associates v. Bank of Montreal*, 926 F. 2d 1305 (2d Cir. 1991); *Jones v. Niagra Frontier Transportation Authority*, 772 F. 2d 20, 22 (2d Cir. 1983). *See also, Gotham Dating Partners, Inc. v. James, et. al.*, 2011 WL 1004910 (E.D.N.Y.) (Matsumoto, D.J.) Without counsel, and without seeking leave of Court, RRS nevertheless asks this Court for relief; however, RRS has not even made an effective appearance.[1]

      In addition, RRS' written objections are not timely. "[W]ritten objection must be served within 14 days of the service of the subpoena, or before the time specified in the subpoena for compliance, if that is less than 14 days." *Moore's Federal Rules Pamphlet* (2011) at Section 45.9[2][a]. RRS was served on May 6, 2011. Its objection is dated May 31, 2011, and was not

---

[1] Arguably, RRS was required to file its motion in the District from which the subpoena was issued, in this case, the Southern District of Florida *Fed. R. Civ. Pro.* Rule 45(c)(3).

Honorable Viktor V. Pohorelsky, U.S.M.J.
June 23, 2011
Page 2

served on Plaintiff until June 9, nor filed with the Court until June 17, more than a month after the subpoena was served on RRS.

Putting aside the fatal procedural defects in RRS' position, the Court should also be aware that RRS has never even attempted to communicate with Plaintiff about any legitimate concerns it may have with regard to the substance of the subpoena. Instead, it has chosen to submit a general, unsupported, unsworn document to the Court as to the alleged objectionable nature of the subpoena, without identifying anything in particular sought by the subpoena which it deems objectionable. Apparently, RRS objects to producing *anything*.

Moreover, the assertion that it would cost "more than $50,000.00 in labor" to comply with this subpoena is rejected as completely unsupported, undocumented and unpersuasive. If RRS had any interest in complying with its legal obligations, it would have contacted Plaintiff upon receipt of the subpoena and discussed its particular concerns, so that the parties could work out an agreeable framework for addressing those concerns. By its failure to communicate with Plaintiff, RRS has evinced a complete lack of interest in reasonable compliance.[2]

There is no legitimate reason for this Court to relieve RRS of its legal obligations to produce evidence which is clearly relevant to the issue of Hartford's conduct as a conflicted fiduciary. If, as Plaintiff contends, Hartford solicited expert "opinions" from RRS because it had every reason to expect such opinions would support a termination of benefits to Plaintiff, then the evidence sought by this subpoena is critical to establishing that Hartford's conflict poisoned its decision making in this case.

The subpoena should be enforced.

Respectfully submitted,

USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation

MICHAEL E. QUIAT

MEQ:ln
cc:   Mr. Stephen Topalian
      Michael H. Bernstein, Esq.
      John Seybert, Esq.
      Mr. James Franklin
G:\Disability\Topalian\Judge Pohorelsky Response RRS.docx

---

[2] In any event, Mr. Franklin is mistaken in asserting that the subpoena requires "appearance at a deposition." As is clear from a review of the document itself, this subpoena simply seeks documents, and nothing else.