LAW OFFICES
## USCHER, QUIAT, USCHER & RUSSO
A PROFESSIONAL CORPORATION

433 HACKENSACK AVENUE
HACKENSACK, NJ 07601

TELEPHONE (201) 342-7100
FAX (201) 342-1810
www.uqur.com

ARTHUR USCHER
MICHAEL E. QUIAT*
JOSEPH A. RUSSO*
MATTHEW T. SCHRIEKS+
PATRICK X. AMORESANO°
OF COUNSEL

*ADMITTED TO NY & NJ BARS
+ADMITTED TO NJ & FL BARS
°CERTIFIED CIVIL TRIAL ATTORNEY

NEW YORK OFFICE
355 LEXINGTON AVENUE
NEW YORK, NY 10017
TELEPHONE (212) 856-1214
FAX (212) 983-0772

ETHAN V. FINNERAN*
OF COUNSEL

WILLIAM USCHER
(1959-2003)

October 28, 2011

<u>*Via Electronic Case Filing*</u>

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**   *Stephen J. Topalian v. Hartford Life Insurance Company*
            *Civil Action No. 1:10-CV-01965-KAM-VVP*

Dear Judge Matsumoto:

      This firm represents the Plaintiff in connection with the above referenced ERISA long term disability litigation.

      Please accept this correspondence by way of Plaintiff's request for a pre-motion conference in connection with this matter.

### *Background*

      Plaintiff is a 53-year-old father of two who, until disability was employed by the Allstate Corporation for more than 15 years as a front line performance leader, auto field supervisor in New York State, until he was put on disability by his doctors. Plaintiff's position at Allstate required that his work be done in the field and he regularly drove 500 miles or more each week throughout New York State in the performance of his duties.

      Plaintiff has numerous disabling medical conditions, including congestive heart failure, morbid obesity, diabetes myelitis, lumbago, hypertension, obstructive sleep apnea, venous insufficiency, edema, hypothyroidism and gout.

      Effective February 26, 2004, Mr. Topalian was approved for long term disability benefits under the "own occupation" definition of Allstate's Long Term Disability Plan, which is

Honorable Kiyo A. Matsumoto, U.S.D.J.
October 28, 2011
Page 2

underwritten by the Defendant Hartford Life Insurance Company. On September 11, 2006, Hartford determined that Mr. Topalian was unable to perform the essential duties of *any* occupation.

Plaintiff has also been determined to be totally disabled by the Social Security Administration, and he continues on SSDI to the current time.

After Mr. Topalian underwent gastric bypass surgery in order to attempt to deal with his morbid obesity, Hartford terminated his disability claim.

After exhausting his administrative appeals, during which Hartford violated C.F.R. § 2560.503-1 in failing to adjudicate the appeal in a timely fashion, Plaintiff commenced the instant lawsuit under 29 U.S.C. § 1132, *et. seq.*

The record in this case reflects that the medical basis for Hartford's claim termination consists of the purported "independent" medical file reviews of two notorious insurance defense advocates, from a medical opinion vendor called RRS, which provides such services to the disability insurance industry. Testimony of the appeals person at Hartford confirmed that she was required to use RRS to do the medical review in this case. That these "independent" reviewers would side with Hartford was, essentially, a forgone conclusion, given the massive amount of money earned by RRS from Hartford, as documented in discovery.

### *Summary Judgment Motions*

Since no serious settlement offers have been made by the Defendant, it appears that the next stage will entail joint motions for summary judgment. A pre-motion conference would therefore be appropriate pursuant to this Court's Individual Rules at § IV(B).

The briefing schedule proposed by the Defendant is simply not feasible for Plaintiff, for the following reasons:

1. The Administrative Record in this case is over 2000 pages long, and must be reviewed again in connection with these motions;

2. The standard of review in this case must be briefed. Under controlling Second Circuit precedent, the Defendant's decision must be reviewed on a *de novo* basis as it failed to comply with C.F.R. § 2560.503-1 and therefore forfeited its discretion. *Nichols v. Prudential*, 406 F. 3d 98 (2d Cir. 2005).

3. There is also the matter of the Administrative Record. Notwithstanding the significant evidence generated during discovery which bears directly on Defendant's conflicted claims analysis, Defendant is taking the position that *none* of this information is admissible before the Court. Obviously, Plaintiff strongly contends otherwise.

Honorable Kiyo A. Matsumoto, U.S.D.J.
October 28, 2011
Page 3

    4. Plaintiff's counsel's current litigation schedule is extremely demanding. Plaintiff is currently in the middle of a briefing schedule in the United States Court of Appeals for the Third Circuit, and has cross motions for summary judgment due in another ERISA matter on November 14, 2011. The balance of the Third Circuit briefing will occur in December, as will the opposition and reply to the cross motions for summary judgment.

    In any event, it is respectfully suggested that summary judgment motions cannot be filed until the Administrative Record has been settled.[1] Once the Administrative Record has been settled, the standard of review must be adjudicated, either initially by the Court on motion, or in conjunction with the underlying summary judgment motions.

    In view of the above, Plaintiff respectfully asks Your Honor to schedule a pre-motion conference, either in person, or by telephone, in order to address and resolve these issues.

                                      Respectfully submitted,

                                      USCHER, QUIAT, USCHER & RUSSO
                                      A Professional Corporation

                                      MICHAEL E. QUIAT

MEQ:ln
Cc:   Mr. Stephen Topalian
       Michael H. Bernstein, Esq.
G:\Disability\Topalian\Judge Matsumoto 10-28-11.docx

---

[1] Plaintiff had suggested to Defendant that the parties utilize all evidence in the Administrative Record as well as that gleaned from discovery, and let this Court determine which evidence it deems properly before it for purposes of deciding the cross motions for summary judgment. Defendant has declined to accept this proposal.