UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN J. TOPALIAN,

                Plaintiff,

   -against-

HARTFORD LIFE INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------X

Civil Action No.: 10-cv-1965 (KAM) (VVP)

**ANSWER**

**DOCUMENT ELECTRONICALLY FILED**

Defendant, HARTFORD LIFE INSURANCE COMPANY ("Hartford"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

FIRST:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint.

SECOND:    Denies each and every allegation contained in paragraph "2" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford is an insurance company duly licensed and authorized to conduct the business of insurance in the State of New York, with a principal place of business in Simsbury, Connecticut.

THIRD:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that this Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §1132(f) and 28 U.S.C. §1331 and that the venue is proper in this District.

## *Essential Facts*

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

FIFTH: Denies each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court except admits that Hartford issued a group policy of insurance with a policy number of GLT-673454 to the Allstate Insurance Company ("Allstate") to fund benefits under the Allstate Group Long Term Disability ("LTD") Plan (the "Plan") and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein and denies that plaintiff's Exhibit A to plaintiff's Complaint is the Summary Plan Description for the Plan.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to

2

the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

### *Mr. Topalian's Disability*

TENTH[1]: Denies each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

---

[1] The Complaint does not include a paragraph numbered and designated "9."

3

NY/580976v1

TWELFTH: Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff submitted a claim for Plan LTD benefits that was initially approved effective June 24, 2004 under the Plan's "your occupation" definition of disability.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated September 11, 2006, Hartford advised plaintiff of its determination that he met the "any occupation" definition of disability under the Plan.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the

NY/580976v1

regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated July 30, 2008 Hartford advised plaintiff of its determination that he did not meet the Plan's definition of disability beyond July 30, 2008 and that no further LTD benefits would be payable to him beyond that date.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff appealed Hartford's determination by his legal counsel's letter dated March 2, 2009.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admits that following a full and fair review of all plaintiff's submissions and the entire contents of the Administrative records, Hartford upheld its initial determination to deny plaintiff's claim for continuing LTD benefits beyond July 30, 2008 and advised plaintiff of that determination by letter dated September 1, 2009.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Hartford acted as the Claim Administrator for the Plan pursuant to a

5

full grant of discretionary authority to interpret the terms of the Plan and to determine eligibility for LTD benefits under the Plan and further admits that Hartford acted as a Plan fiduciary only when and to the extent that it exercised that discretionary authority.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the Complaint.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the Complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "21" of the Complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the Complaint and respectfully refers all questions of law to the Honorable Court, except admits Hartford timely issued its final determination on appeal upholding its original decision to deny plaintiff's claim for continuing LTD benefits on September 1, 2009.

TWENTY-THIRD: Denies each and every allegation contained in paragraph "23" of the Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph "24" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-FIFTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: Defendant Hartford, as claim fiduciary for the governing welfare benefit plain, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are

NY/580976v1

entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Defendant Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: To the extent (and without admitting that) the plaintiff was entitled to continuing benefits as of the date Hartford determined he was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: If plaintiff is entitled to any payment of benefits, which defendant denies, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the governing Plan document, that were or may be payable to him.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**THIRTY-SIXTH:** To the extent necessary, defendant denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**THIRTY-SEVENTH:** If plaintiff is entitled to any payment of benefits, which defendant denies, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the governing Plan documents, that were or may be payable to him.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH:** Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to Hartford's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

**WHEREFORE**, defendant, HARTFORD LIFE INSURANCE COMPANY, prays:

(a) that the action be dismissed, or that judgment be entered in favor of defendant and against plaintiff;

(b) defendant be awarded costs of suit incurred herein;

(c) defendant be awarded reasonable attorney's fees; and

(d) defendant be awarded such other and further relief as this court may deem just and proper.

Dated: New York, New York
July 9, 2010

NY/580976v1

Case 1:10-cv-01965-KAM-VVP Document 52-2 Filed 04/20/10 Page 10 of 11 PageID #: 5075

 

        Respectfully Submitted,


        s/
        _____
        MICHAEL H. BERNSTEIN  (MB-0579)
        SEDGWICK, DETERT, MORAN & ARNOLD LLP
        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925
        *Attorneys for Defendant*
        HARTFORD LIFE INSURANCE COMPANY

TO:
Michael E. Quiat, Esq. (MEQ-8238)
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
(201) 342-7100
*Attorneys for Plaintiff*

10

NY/580976v1

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (for Hartford Life Insurance Company) was served by **ECF and Regular Mail** on July 9, 2010, upon the following:

Michael E. Quiat, Esq. (MEQ-8238)
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
(201) 342-7100
*Attorneys for Plaintiff*

                               s/
                               MICHAEL H. BERNSTEIN (MB-0579)

NY/580976v1